# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DARRELL ROBERT INGRAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV414-140 |
| ) | |
| DOUG WILLIAMS, ) | |
| *Warden*, and THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| GEORGIA, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Darrell Ingram, currently incarcerated at Dodge State Prison in Chester, Georgia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He also seeks leave to proceed *in forma pauperis*. (Doc. 2.) The Court **GRANTS** his IFP motion, but his § 2254 petition must be dismissed.

Ingram was indicted for his part in the March 10, 2000 drive-by shooting deaths of Ramone Kimble and Stacy Smalls, and the wounding of Lamar Jenkins. *Ingram v. State*, 276 Ga. 223, 223 (2003). He was ultimately convicted of multiple counts, including felony murder,

aggravated assault, and possession of a firearm during the commission of a crime. *Id.* He was sentenced to two consecutive life terms on the felony murder counts, three consecutive five-year terms on the firearm possession counts, and a consecutive twenty-year tem for the aggravated assault count. *Id.* at 223, n.1. The Supreme Court of Georgia affirmed the conviction and sentence on February 10, 2003. *Id.* Ingram never pursued the matter any further. He neither petitioned the United States Supreme Court for certiorari nor the state for a writ of habeas corpus. (Doc. 1 at 3-4.) Now he seeks 28 U.S.C. § 2254 review in this Court, but his § 2254 petition must be dismissed since it is both untimely and unexhausted.

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 118-19 (2009). A state criminal judgment

becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 555 U.S. at 119. Here, Ingram "was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the [state] Supreme Court." *Bond*, 309 F.3d at 774 (citing Sup. Ct. R. 13.1). Since his appeal was denied on February 10, 2003, he had until May 12, 2003 to petition for certiorari, but he did not do so. (Doc. 1 at 4.) Consequently, the § 2254 limitations period elapsed one year later, on May 11, 2004. Ingram's § 2254 petition is, therefore, more than a decade late.[1]

---

[1] Ingram asserts that he is actually innocent of the crime. (Doc. 1 at 10.) In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that AEDPA's time bar may be excused when a petitioner presents a "convincing actual-innocence claim." *Id.* Ingram's claim, however, is not convincing. The standards remain high on an actual innocence showing. *Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."). Ingram has presented no supporting evidence other than his own insistence that he is innocent of the crime.

The petition is also unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (federal habeas relief is available to state prisoners only after they have exhausted their claims in state court). An applicant for federal habeas relief has not exhausted his state remedies if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Here, there is no question that Ingram has failed to exhaust his remedies, as he never raised his claims in a state habeas proceeding. *See Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (in order to fully exhaust state remedies, a § 2254 petitioner in Georgia must petition the Supreme Court of Georgia for a certificate of

---

That is not enough to invoke the exception to the limitations period. *Compare Howes v. Sec'y, Dep't of Corrs*, 2013 WL 5606405 at *3 (M.D. Fla. Oct. 11, 2013) (a petitioner's proclamation of his own innocence "does not constitute 'new reliable evidence' of his actual innocence."), *with Larsen v. Soto*, 742 F. 3d 1083, 1095-96 (9th Cir. 2013) (state prisoner's post-conviction evidence that five different witnesses saw different person throw knife cast doubt on his conviction for possession of deadly weapon by undercutting reliability of proof of guilt, even if it did not affirmatively prove innocence, and thus was enough to allow consideration of otherwise barred claims on federal petition for writ of habeas corpus).

probable cause to appeal the denial of his state habeas petition). But even if he returned to state court to exhaust, and that court reached his claims, he would still be too late to seek relief here because the clock cannot be restarted once it runs out. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (although the filing of a state habeas action tolls the one-year limitations period, it does not reset it once it has expired).

The instant petition is both untimely and unexhausted, so it should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 16th day of July, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5